UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEVE STAPLETON #111013      CIVIL ACTION NO. 23-cv-684 SEC P

VERSUS      JUDGE EDWARDS

BAYOU DORCHEAT CORRECTIONAL      MAGISTRATE JUDGE HORNSBY
CENTER ET AL

## REPORT AND RECOMMENDATION

**Introduction**

Steve Stapleton ("Plaintiff") is a self-represented convicted prisoner who was previously housed at the Bayou Dorcheat Correctional Center ("BDCC"). He filed this civil rights action against BDCC Warden Orlan Davidson, Medical Assistant Kristy Taylor, LPN Debra Claunch, Kayla Wilson, Carolyn Douglas, and John Lewis, Jr. Plaintiff alleged that he received inadequate medical care between October and December 2022 for a broken tooth and injuries suffered in a slip and fall in his dorm. Plaintiff, who is a convicted DOC prisoner, prayed for compensatory damages and transfer to a DOC facility where he believed he would receive better medical care.

Before the court is a Motion for Summary Judgment (Doc. 21) filed by Defendants. They submit affidavits and medical records that challenge the merits of Plaintiff's claims. Plaintiff, who has since been transferred to a DOC facility, was served with the motion and given notice and opportunity to respond, but he has filed nothing. For the reasons that follow, it is recommended that the motion be granted.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

**Defendants' Summary Judgment Evidence**

Plaintiff alleged in his complaint that he was 67 years old and had both his hips and shoulders replaced with prosthetic joints. His complaints about his medical care at BDCC relate to an alleged broken upper jaw tooth suffered on October 6, 2022 and injuries suffered on November 18, 2022 when he fell in his dorm due to the presence of leaking water. He alleged that BDCC medical staff and the administration ignored his complaints and refused to treat him.

Defendants have responded with summary judgment evidence that includes declarations made under penalty of perjury, as allowed by 28 U.S.C. § 1746, from Warden Davidson, LPN Claunch, and Medical Assistant Taylor. The declarations of Davidson and Taylor are accompanied by relevant medical records. The evidence shows that BDCC medical staff received a request from Plaintiff on October 6, 2022 for a dental appointment regarding a broken tooth. The next day, Nurse Claunch provided Plaintiff the name and phone number of a local dentist who would provide care to inmates. Plaintiff responded

that he was indigent and did not have the means to pay the private dentist. Claunch said that she would see what she could do for him given the circumstances.

Ms. Taylor added Plaintiff to the sick call list because of his complaints about his tooth and his request for Naproxen for pain. Nurse Claunch evaluated Plaintiff on October 11 and ordered he be given 600 mg of ibuprofen per day for two weeks to address the tooth pain, plus muscle rub to treat pain that he claimed from arthritis. Plaintiff's medical records show that he refused 10 of 14 ibuprofen doses that were offered to him.

Plaintiff submitted another medical request on October 26 to complain about his broken tooth and request a dental appointment. Ms. Taylor evaluated him the next day and gave him Orajel (an oral pain reliever) to keep with him and use as needed. Plaintiff filed another medical request about his tooth on November 1 and requested pain medication, stating that he could not afford the over-the-counter pain medication that inmates can order from the jail commissary. Nurse Claunch evaluated Plaintiff the next day and ordered 500 mg of Tylenol for ten days. Plaintiff refused six of the ten doses when they were offered to him.

Plaintiff submitted a grievance on November 3 to complain that he needed to see a dentist about his tooth. Warden Davidson wrote back, "We will schedule you with the doctor to determine your status. If he determines that you need to go, we will send you." Plaintiff was promptly scheduled for an appointment with Dr. Frederick Heard, a physician who is contracted by the sheriff to conduct a weekly clinic at the jail. Dr. Heard is able to prescribe medications and also make referrals to specialists at Ochsner-LSU hospital in Shreveport as needed.

Dr. Heard saw Plaintiff on November 9. Heard prescribed 500 mg of Tylenol twice per day for 14 days and 500 mg of Amoxicillin (an antibiotic) three times per day for ten days. He also referred Plaintiff to LSU Shreveport for a dental care appointment. Plaintiff refused 14 of the 28 Tylenol doses and 17 of the 30 Amoxicillin doses. Nurse Claunch entered the referral for dental care into the E-ceptionist system, an online referral and appointment scheduling program for LSU Shreveport. This notified LSU of the referral and requested a dental care appointment for Plaintiff.

Plaintiff submitted a medical request on November 21 that alleged he fell in his dorm on November 18. He complained that he had injured his right shoulder and neck and was experiencing sharp pain. He said that he may need X-rays. Ms. Taylor submitted a request that same day to Mobile X-Ray Services, a company that BDCC contracted with to take X-rays and submit them to a radiologist for review and a report. The company took X-rays of Plaintiff's right shoulder, right hip, and cervical spine that same day. It also sent BDCC on that day a radiology report by a radiologist who stated that the X-rays showed no broken bones and that all of the hardware from Plaintiff's previous surgeries, including his hip and shoulder replacements, were in place, and his spine was in alignment.

Plaintiff continued to submit medical requests and urged that, contrary to what the X-rays indicated, something was wrong with his shoulder. He also noted that his tooth was still broken. Nurse Claunch ordered another round of 500 mg of Tylenol three times per day for ten days, just as Dr. Heard had previously ordered. Plaintiff refused 26 of the 30 Tylenol doses. Dr. Heard saw Plaintiff again on November 30 and prescribed 600 mg of Tylenol and muscle rub. He made another referral to LSU Shreveport for dental care.

Nurse Claunch submitted this second referral to LSU Shreveport through the E-ceptionist system.

Plaintiff was transferred out of BDCC on December 5, 2022. Nurse Claunch and Ms. Taylor state that, as of the date of the transfer, they had not received notification from LSU Shreveport that a dental appointment had been scheduled by that facility. Warden Davidson, Nurse Claunch, and Ms. Taylor all specifically deny that they refused to treat Plaintiff for his complaints related to his tooth or his fall in the dorm. Rather, they declare that they provided appropriate medical treatment with regard to both matters. The record reflects that Plaintiff is now housed at a DOC facility, the Raymond Laborde Correctional Center.

**Analysis**

For a convicted prisoner to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett,

106 S.Ct. 2548 (1986). Defendants have shouldered their burden by presenting competent evidence that shows they promptly and appropriately responded to each of Plaintiff's complaints about his tooth and his fall. Plaintiff was afforded various medications, which he often refused. He was immediately X-rayed after he complained about a fall, and a radiologist reported that there was no apparent damage. BDCC medical staff twice requested a dental appointment for Plaintiff at LSU Shreveport, but the appointment was not confirmed before Plaintiff's transfer from the facility. That evidence satisfied Defendants' burden of demonstrating the absence of a genuine dispute of material fact. The evidence they submitted would not allow a reasonable fact finder to determine that the warden or any member of the medical staff acted with deliberate indifference to a serious medical need. See, e.g., McQueen v. Karr, 54 Fed. Appx 406 (5th Cir. 2002) (inmate who saw prison dentist twice and was advised that his cracked crown was stable, that his pain would subside and that he would not be referred to a private dentist failed to state a claim for deliberate indifference); Ball v. Johnson Cnty. Jail, 2004 WL 2338105, *1 (N.D. Tex. 2004) (no deliberate indifference when inmate alleged that jail nurses examined his tooth; prescribed penicillin, pain reliever, stomach medication and oral gel; regularly refilled these medications; told inmate he could see dentist; but told him that the only treatment the dentist could offer was extraction).

Because Defendants carried their initial summary judgment burden, the burden then fell to Plaintiff to present competent evidence that would demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986). Plaintiff, who may be content with his medical/dental care

now that he has been transferred to a DOC facility, did not file any opposition to the motion, so he has not met his summary judgment burden.

The uncontested summary judgment evidence shows that Warden Davidson, Nurse Claunch, and Ms. Taylor responded promptly and appropriately to Plaintiff's medical complaints. They are entitled to summary judgment. The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001), quoting Estelle v. Gamble, supra. And a mere delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993). There is no evidence to support a finding of either deliberate indifference or that any delay resulted in substantial harm.

Plaintiff also named as defendants BDCC employees Wilson, Douglas, and Lewis, but he alleged only that they were involved in the communication to him that he would have to pay to see a private dentist. The constitution does not require that prison officials deliver inmates to a private dentist without charge when there are suitable public healthcare facilities such as LSU Shreveport that can provide the same service. The summary judgment evidence does not include any indication that these defendants had any meaningful role in Plaintiff's medical care or that they might in any way be liable to Plaintiff. All defendants are entitled to summary judgment with respect to all claims asserted in the complaint.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 21) be granted and that all claims against all defendants be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th of February, 2024.



Mark L. Hornsby
U.S. Magistrate Judge